CALLAGHAN v. CALLAGHAN ET AL.

*Real property—Licenses—Written permission, without con-
sideration, to occupy premises during life—Revocable and
conveys no interest in land, when—Partition by joint
devisee as tenant in common with occupant.*

1. Paper writing, agreeing to let defendant occupy residence
for life, containing no consideration or grant of interest
in land, executed by owner of premises who subsequently
devised same jointly to plaintiff and defendant, *held* mere
license, revoked by death of owner.
2. Where defendant, devised premises jointly with plaintiff,
was occupying premises under devise without permission
to remodel or sublet premises under writing granting
defendant right of occupancy revocable by death of de-
visor, parties were tenants in common and plaintiff was
entitled to partition.

(Decided December 20, 1926.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Paul V. Connolly* and *Mr. Leo A. Burke,* for
plaintiff.
*Messrs. Bettman, Riesenberg, Cohen & Stelten-
pohl,* for defendants.

BUCHWALTER, P. J. The action is in partition.
Plaintiff avers that he and his mother, Janet B.
Callaghan, are tenants in common in the premises
described in the petition, each being seized in fee
simple of an undivided one-half interest therein.

The answer of the defendant Janet B. Callaghan
admits that plaintiff and she each own an undivided
one-half interest in the premises, but claims that
said interest is subject to her right to occupy said

premises as her home during her lifetime, or as long as she desires, by virtue of a written agreement, signed by Mary C. Foster in her lifetime. The real estate in question was devised by will of said Mary C. Foster to the plaintiff, Foster Callaghan, and the defendant Janet B. Callaghan.

The paper writing under which defendant claims the right to occupy the premises is as follows:

"I agree to let my daughter, Janet B. Callaghan, and her husband, Frank Callaghan, to occupy my residence No. 4407 Columbia avenue, without any compensation or obligation, as long as they live or wish to occupy it.

"[Signed] Mary C. Foster.
"Witness: Elizabeth W. Butterfield.
"October 11, 1911."

The record shows that this paper writing was delivered to Janet B. Callaghan on the date named therein; and the following day she and her husband moved into the residence, and the defendant has ever since resided there, her husband, Frank Callaghan, having died some years ago.

Mary C. Foster died in 1918, leaving a will, the fourth item of which is as follows:

"Item IV. I give, devise and bequeath to my daughter, Janet Callaghan, and to my grandson Foster Callaghan, jointly, the real estate located in the village of Madisonville, Hamilton county, Ohio, now occupied as a residence by my daughter Janet Callaghan, being the real property conveyed to me by E. E. Stevens and wife, by deed dated the 6th day of July, 1901, and recorded in Deed Book eight hundred and sixty-seven (867) at page two hundred and sixty-five (265) to be theirs absolutely."

The uncontradicted evidence shows that Janet B. Callaghan, with the consent of her son, the plaintiff herein, remodeled the residence into a two-apartment house; that she has since lived in one apartment and rented out the other; and that about that time the mother and son joined in a mortgage to the building association to raise the money necessary to make this improvement. The mortgage was executed May 20, 1920.

The only question to be determined is, What interest, if any, Janet B. Callaghan had in the premises at the time this action was instituted, by virtue of the aforesaid paper writing of October 11, 1911.

Counsel have spent considerable time in attempting to analyze this memorandum.

Plaintiff contends that it was a mere license, revocable at will; defendant, that it is a lease for the period of her life, or an agreement to make a lease. It does not seem necessary to the determination of this case to discuss what constitutes a lease, an agreement for a lease, or a tenancy at will. This paper writing was no more than a permission, without consideration, to occupy the premises, and without a grant of any interest or title in the land to Janet B. Callaghan.

It is stated in *Fowler* v. *Delaplain,* 79 Ohio St., 279, syllabus 2 and 3, 87 N. E., 260, 21 L. R. A., (N. S.), 100:

"Where a landowner orally gives permission to another to occupy and use certain land, but does not grant or attempt to grant any interest in the land, and the landowner assumes no obligation on his part with regard to such occupation or use, the possession and use of the land are under a bare license, which is revocable at the pleasure

of the licensor; and this will be so, although the licensor has silently acquiesced in the making of valuable improvements and the erection of structures on the land by the licensee.

"Such a license is terminated by the death of either of the parties."

It is also held in *Wilkins* v. *Irvine*, 33 Ohio St., 138, syllabus 1: "A written license, without seal and unacknowledged, to enter upon and embed water pipes in the land of another, with privilege to enter and repair them, creates no interest in, nor incumbrance upon the land such as will disable the owner thereof from making a good and sufficient deed conveying a good title thereto."

It is apparent that, under such a license, Janet B. Callaghan would be protected in her use and occupancy of the premises until such license was revoked, but that it could be revoked at any time by Mary C. Foster, and was revoked by her death.

Janet B. Callaghan, after the death of Mary C. Foster, was occupying and using the premises under the devise in her mother's will. By the paper writing, there was no permission to remodel the premises, making two apartments, nor was there any permission given to sublet any portion of the premises. We are therefore of the opinion that Foster Callaghan and Janet B. Callaghan are tenants in common, holding title under item 4 of the will aforesaid, and that said appellant, Foster Callaghan, was, at the time of the filing of this action, entitled to partition.

*Decree for plaintiff.*

HAMILTON and CUSHING, JJ., concur.